Douglas A. Prutton, State Bar No. 118300
LAW OFFICES OF DOUGLAS A. PRUTTON
1985 Bonifacio, Ste. 101
Concord, CA 94520
(925) 677-5080
(925) 677-5089 (fax)

Defendant Douglas A. Prutton
appearing in pro per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DAVID OPPENHEIMER,

Plaintiff

vs

DOUGLAS A. PRUTTON,

Defendant.

**CASE NO. 21-cv-01382-NC**

**ANSWER OF DEFENDANT DOUGLAS A. PRUTTON**

**U.S. Magistrate Judge Nathanael M. Cousins**

Defendant Douglas A. Prutton answers Plaintiff's Complaint as follows:

**ANSWER TO JURISDICTION/VENUE**

(1) Answering paragraph (1): Defendant admits the allegations of this paragraph.

(2) Answering paragraph (2): Defendant admits the allegations of this paragraph.

**ANSWER TO INTRADISTRICT ASSIGNMENT**

(3) Answering paragraph (3): Defendant admits that intradistrict assignment is appropriate. However, since the defendant resides in Contra Costa County, the plaintiff resides in North Carolina, the plaintiff's counsel works in Contra Costa County, and all of defendant's alleged wrongful conduct occurred in Contra Costa County, the case should be assigned to Oakland or San Francisco, not San Jose.

**ANSWER TO THE PARTIES**

(4) Answering paragraph (4): Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations concerning plaintiff.

(5) Answering paragraph (5): Defendant admits the allegations.

**ANSWER TO INTRODUCTORY FACTS**

(6) Answering paragraph (6): Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

(7) Answering paragraph (7): Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

(8) Answering paragraph (8): Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

(9) Answering paragraph (9): Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

(10) Answering paragraph (10): Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

(11) Answering paragraph (11): Defendant denies these allegations as there is only one defendant in this action.

(12) Answering paragraph (12): Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

(13) Answering paragraph (13): Defendant admits that a photograph was displayed on his website (pruttonlaw.com) of the Oakland federal courthouse. The photograph was put on a page of the website entitled Where We Work, by defendant's daughter who had offered to help defendant with his website. Defendant lacks knowledge or information sufficient to form a belief as to whether that photograph was "The Work" or whether it was displayed on the two identified "nebula.wsimg.com" sites. Defendant denies that the photograph is still on his website. Defendant removed the photograph from his website immediately upon hearing from plaintiff's counsel that the photograph may have been plaintiff's copyrighted photograph.

(14) Answering paragraph (14): Defendant received a letter dated July 8, 2019 from an attorney in Arkansas purporting to represent plaintiff stating that defendant could find the photograph on defendant's website under the heading "Where-We-Work." No other "infringing URLs" were identified. The letter requested defendant to remove the photograph from his website – which defendant immediately did. The letter did not seek information about the uses to which the photograph had been put, profits received, and the like, as alleged in this paragraph. Defendant received a second letter dated November 23, 2020 from plaintiff's current counsel, but that letter only identified one of the nebula.wsimg.com sites mentioned in paragraph (13) and did not demand that defendant cease and desist from any ongoing infringement and did not seek information about the uses to which the work had been put, profits received, and the like.

(15) Answering paragraph (15): Defendant denies the allegations. Defendant has responded to each communication from plaintiff's various attorneys, has made plaintiff's attorney aware of about 125 federal copyright infringement lawsuits his client has filed around the country over the past few years. Defendant also has made plaintiff's counsel aware of the decision issued by U.S. District Court Judge Martin Reidinger in the case of David Oppenheimer v. James Sean Griffin (W.D. North Carolina) Case No. 1:18-cv-00272-MR-WCM, issued on December 31, 2019. In a case involving defendants who had defaulted, Judge Reidinger denied Mr. Oppenheimer's request for attorney's fees and awarded only the minimum statutory damages, finding that Mr. Oppenheimer "appears to be using the copyright laws as a source of revenue, rather than as redress for legitimate injury." Defendant has made two offers to plaintiff to settle this case which plaintiff has rejected. Plaintiff, on the other hand, has demanded from defendant a ridiculously high amount of money.

**ANSWER TO COUNT 1 – NON-WILLFUL COPYRIGHT INFRINGEMENT**

(16) Answering paragraph (16): Defendant re-alleges his responses to paragraphs 1-15.

(17) Answering paragraph (17): Defendant admits that his daughter posted a photograph of the Oakland federal courthouse on defendant's website.

(18) Answering paragraph (18): Defendant denies that he received any substantial benefit from the posting of the photograph as there were hundreds of other photos of the Oakland federal courthouse available to publish, and denies that plaintiff has sustained the damages alleged.

**ANSWER TO COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT**

(19) Answering paragraph (19); Defendant re-alleges his responses to paragraphs 1-18.

(20) Answering paragraph (20): Defendant admits that his daughter posted a photograph of the Oakland federal courthouse to defendant's website, but denies the other allegation of this paragraph.

(21) Answering paragraph (21) defendant lacks information or knowledge sufficient to form a belief in the truth of the allegations in this paragraph.

(22) Answering paragraph (22): Defendant admits that his daughter posted a photograph of the Oakland federal courthouse to defendant's website, but denies the other allegation of this paragraph.

(23) Answering paragraph (23): Defendant denies that he received any substantial benefit from the posting of the photograph as there were hundreds of other photos of the Oakland federal courthouse available to publish, and denies that plaintiff has sustained the damages alleged.

**ANSWER TO COUNT III – VIOLATIONS OF DIGITAL MILLENIUM COPYRIGHT ACT**

(24) Answering paragraph (24); Defendant re-alleges his responses to paragraphs 1-23.

(25) Answering paragraph (25): Defendant denies that plaintiff's CMI was removed by defendant or any third party at defendant's direction and behest. As to the other

allegations of this paragraph defendant lacks information or knowledge sufficient to form a belief in the their truth.

(26) Answering paragraph (26): Defendant denies these allegations.

(27) Answering paragraph (27): Defendant denies these allegations.

(28) Answering paragraph (28): Defendant denies these allegations.

(29) Answering paragraph (29): Defendant denies that plaintiff is entitled to any recovery.

(30) Answering paragraph (3): Defendant denies that plaintiff is entitled to any recovery.

## ANSWER TO CAUSATION/DAMAGES

(31) Answering paragraph (31): Defendant denies that plaintiff has suffered actual damages, denies that plaintiff is entitled to statutory damages, and denies that plaintiff is entitled to attorneys' fees and costs.

## ANSWER TO RELIEF REQUESTED

(32) – (45) Answering paragraphs (32) – (45): These paragraphs simply set forth the relief requested by plaintiff and, thus, do not involve matters that can be admitted or denied.

## AFFIRMATIVE DEFENSES

(1) Plaintiff's counts are barred by the applicable statutes of limitation.

(2) Defendant was not aware and had no reason to believe that his acts constituted an infringement of copy right (17 USC 504(c)).

(3) Plaintiff's counts are barred by his unclean hands.

(4) Plaintiff's counts are barred by laches.

(5) Plaintiff has assigned his copyright in the subject photograph, or is otherwise not the copyright holder.

(6) Plaintiff's claims are barred by plaintiff's bad faith copyright trolling activities

**PRAYER FOR RELIEF**

WHEREFORE, defendant prays for a judgment in his favor, costs and attorney's fees as the prevailing party, and any other relief that the Court deems fair and just.

Dated: 4/ /2021

Defendant Douglas A. Prutton

**CERTIFICATE OF SERVICE**

I declare that I am a citizen of the United States or employed in the County of Contra Costa, California, over the age of 18 years, and not a party to the within entitled action. I am an employee of the Law Offices of Douglas A. Prutton, and my business address is 1985 Bonifacio Street, Suite 101, Concord, California 94520, telephone number (925) 677-5080, facsimile number (925) 677-5089.

On **APRIL 16, 2021** I served the following described document:

**ANSWER OF DEFENDANT DOUGLAS A. PRUTTON**

by delivering a true copy as follows:

**[X ] By Electronic Mail** – On April 16, 2021, I emailed the document to the email address listed below.

Lawrence G. Townsend
LAW OFFICES OF LAWRENCE G. TOWNSEND
One Concord Center
2300 Clayton Road, Suite 1400
Concord, CA 94520
LGT@LGT-LAW.COM

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **April 16, 2021** at Concord, California.

Andrea Sandoval